Filed 5/18/26  In re A.A. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.A., a Minor. | |
| D.A.,<br>        Petitioner and Respondent,<br>v.<br>E.B.,<br>        Objector and Appellant. | A173572<br><br>(Humboldt County<br> Super. Ct. No. AD2400032) |

Objector and appellant E.B. (appellant) appeals from the termination of her parental rights pursuant to petitioner and respondent D.A.'s (respondent) petition to declare their child A.A. free from appellant's parental custody and control.  Appellant argues the trial court failed to ensure compliance with the requirements of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) prior to terminating her parental rights.  We conditionally reverse.

BACKGROUND

In August 2024, respondent filed, under Family Code section 7822, a "Petition to Declare Minor Child Free From Parental Custody and Control" (petition), alleging that appellant had failed to communicate with A.A. or provide any support to the child for a period of six years and asking the court

1

to terminate appellant's parental rights.[1]  The trial court ordered the Humboldt County Probation Department to conduct an investigation and make a recommendation regarding the petition.

In appellant's October 2024 objection to the petition, she stated, "My family and I are not tribal members, though we are very involved with our Native heritage."  In December, in a separate family court proceeding, A.A.'s maternal grandmother prepared and sent an ICWA-030 notice to the "Minnesota Chippewa Tribe" and "Minnesota Chippewa Tribe – Leech Lake Band" in Minnesota, and the "Oglala Lakota Tribe" in South Dakota.  On that form, the maternal grandmother also indicated that A.A. "may be eligible for membership in the" "Chumash Tribe," in addition to the Minnesota Chippewa and Oglala Lakota tribes.

At a hearing in April 2025, appellant's counsel raised the question of compliance with ICWA, observing that appellant "could be eligible for enrollment."  Appellant told the court she was eligible for membership in the "Chippewa Leech Lake tribe."  Respondent's counsel said respondent is not a member of an Indian tribe.  The trial court ordered that tribes be provided notice of the proceeding.

Respondent sent an ICWA-030 notice to the Secretary of the Interior in Washington, D.C.; the Bureau of Indian Affairs in Sacramento; the Minnesota Chippewa Tribe in Cass Lake, Minnesota; the Minnesota Chippewa Tribe – Leech Lake Band in Cass Lake, Minnesota; and the Oglala Sioux Tribe at two addresses in Pine Ridge, South Dakota.  The form included the names and addresses of the maternal grandparents; the names,

---

[1] Because appellant does not claim the trial court erred on the merits in terminating her parental rights, we need not and do not recite the factual and procedural background underlying and relevant to the merits of the petition.

2

addresses, and birth dates of the paternal grandparents; and the names of some great-grandparents. It also included notations that the maternal grandmother and great-grandmother may have Chumash Indian heritage. But respondent indicated on the form that he could not locate a federally recognized Chumash tribe. In fact, the Santa Ynez Band of Chumash Mission Indians of the Santa Ynez Reservation, California is a federally recognized tribe.[2]

At a hearing later in April 2025, the trial court accepted into evidence respondent's ICWA notice. Also that month, the Leech Lake Band in Minnesota indicated that, although A.A. was eligible for tribal membership, the tribe was declining to intervene "as it is an issue between parents."

In May 2025, the trial court granted the petition. The present appeal followed.

DISCUSSION

Appellant contends the trial court failed to ensure compliance with the inquiry and notice provisions of ICWA prior to terminating her parental rights. We agree.

" ' "The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' " ' [Citation.] An ' "Indian child" ' is a child who 'is either (a) a member of an Indian tribe or (b) is

---

[2] (See Indian Entities Recognized by and Eligible To Receive Services From the United States Bureau of Indian Affairs, 91 Fed.Reg. 4102 (Jan. 30, 2026).)

3

eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' " (*Adoption of M.R.* (2022) 84 Cal.App.5th 537, 541.) "In the context of a petition to free a minor from a parent's custody and care . . . , the court, petitioner, and court-appointed investigator have an affirmative and continuing duty to inquire whether the child is, or might be, an Indian child." (*Ibid.*) "The notice and inquiry requirements of the Welfare and Institutions Code apply to" this proceeding under Family Code section 7822. (*Adoption of M.R.*, at p. 541, citing Fam. Code, § 177.) "We review claims of inadequate inquiry into a child's Indian ancestry for substantial evidence." (*Adoption of M.R.*, at p. 542.)

In the present case, appellant presents a number of claims of error but we need only focus on one: the maternal grandmother raised the possibility that A.A. might be an Indian child due to connection to the "Chumash" tribe, but notice was never given to the Santa Ynez Band of Chumash Mission Indians. On that basis alone, conditional reversal is required. (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1136.)

On remand, the trial court shall ensure compliance with ICWA, including notice to the Santa Ynez Band of Chumash Mission Indians. The court should also consider appellant's argument that additional relatives should be questioned about A.A.'s potential Indian status. (See *In re Dezi C.*, *supra*, 16 Cal.5th at pp. 1139–1140 [older generations are likely to have more information about possible Indian ancestry].) Appellant also asserts on appeal that the "record shows that A.A. might have had claim to" Sioux and Chippewa ancestry, and she lists a large number of additional tribes that she alleges should have been notified. The portions of the record cited do not support appellant's assertion, but on remand, the trial court should consider any argument that any additional tribes should be notified. Finally, as

4

appellant argues, the trial court should make an ultimate finding whether A.A. is an Indian child. (*Adoption of M.R.*, *supra*, 84 Cal.App.5th at p. 541.)

## DISPOSITION

The trial court's order terminating parental rights is conditionally reversed. The matter is remanded to the juvenile court for compliance with the inquiry and notice requirements of Welfare and Institutions Code sections 224.2 and 224.3 and rule 5.481 of the California Rules of Court, consistent with this opinion. If the court thereafter finds a proper and adequate further inquiry and due diligence has been conducted (Welf. & Inst. Code, § 224.2, subd. (i)(2)), then the court shall reinstate the order terminating parental rights. If the juvenile court concludes otherwise, then it shall proceed in conformity with ICWA and California implementing provisions.

SIMONS, Acting P. J.

We concur.

BURNS, J.
CHOU, J.

(A173572)